UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW MOORE,

       Plaintiff,

                                     CASE NO. 13-13959

v.

                                     PAUL D. BORMAN
CHRISTINE VASEAU,                   UNITED STATES DISTRICT JUDGE
STEPHANIE ROBINS, and
JENNIFER L. RINCONES,

       Defendants.
_____/

**OPINION AND ORDER
(1) DISMISSING THE INITIAL AND AMENDED COMPLAINTS,
(2) DENYING  PLAINTIFF'S MOTIONS FOR APPOINTMENT
OF COUNSEL AND FOR AN EVIDENTIARY HEARING,
(3) GRANTING PLAINTIFF'S MOTION
FOR IMMEDIATE CONSIDERATION, AND
(4) DIRECTING THE CLERK OF THE COURT TO
CORRECT DEFENDANT VASEAU'S NAME ON THE DOCKET**

## I.  INTRODUCTION

Plaintiff Matthew Moore is a state prisoner at Oaks Correctional Facility in

Manistee, Michigan.  On September 16, 2013, Plaintiff filed a *pro se* civil rights

complaint, naming Christine Vaseau and Stephanie Robins as defendants.  The complaint

was filed under 42 U.S.C. § 1983, and it alleges that the defendants used the results of

DNA tests in court to deprive Plaintiff of his rights and to have him imprisoned.  Plaintiff

claims that he was tricked into being tested and that he did not consent to the use of the

tests.  He also claims that the defendants failed to protect his infant daughter while the

child was under their care.  The complaint seeks money damages for emotional injuries and for time spent in prison.  The complaint also seeks a full investigation and to have criminal charges brought against everyone involved in the matter.

The complaint was not served on the defendants, and on December 16, 2013, Plaintiff filed an amended complaint, along with motions for an evidentiary hearing, for appointment of counsel, and for immediate consideration.  The amended complaint adds Jennifer L. Rincones as a defendant, and it is titled

> "Writ of Habeas" in case 11SO1043 (Family Court Wayne)
> In the Matter of Civil Rights
> Complaint.  "Under Color of State law."

The rambling amended complaint appears to challenge the results of a family court matter in which Plaintiff's parental rights were terminated.

## II.  LEGAL STANDARD

Due to his indigence, the Court has granted Plaintiff permission to proceed without prepayment of the fees and costs for this action.  When screening an indigent prisoner's complaint, a federal district court must examine both 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.  *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).

> If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief.  28 U.S.C. §§ 1915(e)(2), 1915A.

*Id*.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v.*

2

*Williams*, 490 U.S. 319, 325 (1989).

While a complaint need not contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*,  550 U.S. 544, 555 (2007) (internal and end citations and footnote omitted).  "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

### III.  DISCUSSION

Plaintiff brings his complaints under 42 U.S.C. § 1983.  "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law."  *Sigley v. Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006).

Plaintiff alleges that the defendants are employed at Spaulding for Children ("Spaulding") in Southfield, Michigan.  Spaulding is a private, non-profit child welfare agency that provides permanent homes and support services for foster children and

children awaiting adoption.  *See* http://spaulding.org.[1]  According to Plaintiff, defendants

Robins and Rincones are case workers at Spaulding, and defendant Vaseau is a supervisor

there.  As employees of a private agency, it is questionable whether their challenged

conduct amounted to state action.  Their conduct may be considered state action only if it

was "fairly attributable to the State."  *Lugar v. Edmondson Oil Co.*, *Inc.*, 457 U.S. 922,

937 (1982).

Even assuming that the defendants' conduct was fairly attributable to the State of

Michigan, Plaintiff is disputing a family court proceeding.  Long ago, the Supreme Court

> observed that "[t]he whole subject of the domestic relations of husband and
> wife, parent and child, belongs to the laws of the States and not to the laws
> of the United States."  *In re Burrus*, 136 U.S. 586, 593–594, 10 S.Ct. 850,
> 34 L.Ed. 500 (1890).  See also *Mansell v. Mansell*, 490 U.S. 581, 587, 109
> S.Ct. 2023, 104 L.Ed.2d 675 (1989) ("[D]omestic relations are
> preeminently matters of state law"); *Moore v. Sims*, 442 U.S. 415, 435, 99
> S.Ct. 2371, 60 L.Ed.2d 994 (1979) ("Family relations are a traditional area
> of state concern").  So strong is [the Supreme Court's] deference to state
> law in this area that [it has] recognized a "domestic relations exception" that
> "divests the federal courts of power to issue divorce, alimony, and child
> custody decrees."  *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S.Ct.
> 2206, 119 L.Ed.2d 468 1992).  [The Supreme Court has] also
> acknowledged that it might be appropriate for the federal courts to decline
> to hear a case involving "elements of the domestic relationship," *id.*,  at
> 705, 112 S.Ct. 2206, even when divorce, alimony, or child custody is not
> strictly at issue . . . .
>
> Thus, while rare instances arise in which it is necessary to answer a
> substantial federal question that transcends or exists apart from the family
> law issue, see, *e.g., Palmore v. Sidoti*, 466 U.S. 429, 432–434, 104 S.Ct.

---

[1]  The Court takes judicial notice of general information about Spaulding, as
gleaned from its website, because the information is "not subject to reasonable dispute."
*Passa v. Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005).

> 1879, 80 L.Ed.2d 421 (1984), in general it is appropriate for the federal
> courts to leave delicate issues of domestic relations to the state courts.

*Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004).

Simply stated, "[f]ederal courts have traditionally declined to exercise jurisdiction over matters involving domestic relations" even when the claims "are cloaked in the 'trappings' of another type of claim." *Rago v. Samaroo*, 344 F. Supp.2d 309, 314 (D. Mass. 2004) (citing *Mandel v. Orleans*, 326 F.3d 267, 271 (1st Cir. 2003)). And, to the extent Petitioner is attempting to appeal the actual state court judgment terminating his parental rights, his complaints are barred by the *Rooker-Feldman* doctrine. This doctrine prevents the Court "from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' " *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)).

Furthermore, although Plaintiff seeks habeas corpus relief, as well as relief under § 1983, federal habeas corpus is not available to challenge parental rights. *Hardage v. Oregon*, No. 10-6369, 2011 WL 1740214, at *1 (D. Oregon May 5, 2011) (unpublished). To the extent Plaintiff is seeking

> to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, [he] must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance of a writ
> of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted).  *Heck* and progeny,

"taken together, indicate that a state prisoner's § 1983 action is barred (absent prior

invalidation) -- no matter the relief sought (damages or equitable relief), no matter the

target of the prisoner's suit (state conduct leading to conviction or internal prison

proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of

confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis

in original).

 Plaintiff has not alleged that his conviction was invalidated by state officials or

called into question by a federal court on habeas corpus review, and success in this action

could demonstrate the invalidity of his imprisonment.  Thus, to the extent that Plaintiff is

challenging the fact or duration of his confinement in prison, and to the extent that

success in this action would necessarily demonstrate the invalidity of Plaintiff's

conviction or sentence, his claims are barred by *Heck*.

## IV.  CONCLUSION AND ORDER

 For all the reasons given above, the initial and amended complaints lack an

arguable basis under law and fail to state a plausible claim for which relief may be

granted.  Consequently, the complaints (Dkt. Nos. 1 and 11) are summarily dismissed

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 28 U.S.C. § 1915A(b)(1).  The

request for habeas relief is dismissed without prejudice, but the other claims are dismissed

with prejudice.

 The motion for appointment of counsel (Dkt. No. 9) and the motion for an

evidentiary hearing (Dkt. No. 8) are **DENIED** as moot, but the motion for immediate consideration (Dkt. No. 10) is **GRANTED**.  An appeal from this decision would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199 (2007); *see also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Finally, because the docket contains an incorrect spelling for Christine Vaseau's name, the Court directs the Clerk of the Court to correct Vaseau's name on the docket.  In his initial complaint, Plaintiff listed the first defendant as "Christine Vaseau Spaulding Supervisor."  The Clerk of the Court interpreted Plaintiff's handwritten notation to mean that the first defendant was "Christine Spaulding."  It is clear from Plaintiff's subsequent filings that he meant to say the defendant is "Christine Vaseau," a Spaulding supervisor. The Clerk of the Court is directed to correct the docket so that the first defendant is listed as Christine Vaseau.

This Opinion and Order closes the case.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 26, 2014

7

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 26, 2014.

s/Deborah Tofil
Case Manager